IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JONATHAN ARTHUR CASSEL, Plaintiff, vs. LEO DUTTON and C.O. CHRIST, Defendants. | CV-22-11-H-SEH ORDER |

The Complaint of Plaintiff, Jonathan Arthur Cassel ("Cassel"), proceeding pro se and in forma pauperis, alleges violations of his constitutional rights.[1] The Complaint will be dismissed for failure to state a claim for federal relief.

### MOTION TO PROCEED IN FORMA PAUPERIS

Cassel is unable to pay the full filing fee. His motion to proceed in forma pauperis will be granted.[2] The filing fee will be paid in installments from Plaintiff's inmate trust account.

### STATEMENT OF THE CASE

Cassel is a prisoner incarcerated at Lewis and Clark County Jail ("LCCJ"). Defendant Leo Dutton ("Dutton") is the Sheriff of Lewis and Clark County, Montana. Defendant C.O. Christ ("Christ") is an officer at LCCJ.[2] Cassel alleges

---

[1] Doc. 2; Doc. 1.
[2] Doc. 2 at 3.

that Christ sexually harassed him by making comments and laughing at him.³ No allegations are made against Dutton.

## 28 U.S.C. §§ 1915, 1915A SCREENING

The Complaint has been liberally construed and reviewed to determine if it is frivolous or fails to state a claim upon which relief may be granted.⁴

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁶ The Complaint as pleaded is facially deficient.

No notice of deficiencies or opportunity for amendment is necessary as the pleading deficiencies cannot be cured.⁵

## ANALYSIS

In *Bearchild v. Cobban*, Ninth Circuit recently held:

> [A] prisoner presents a viable Eighth Amendment claim [for sexual harassment] where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.⁴

No constitutional claim is stated. No facts that state a claim under the *Bearchild* standard have been alleged.

---

³ Doc. 2 at 5.
⁴ *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."[5] No facts that suggest Dutton had any role in a deprivation of Cassel's rights have been alleged.

**ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis is GRANTED.[6]

2. Plaintiff's case is DISMISSED for failure to state a federal claim. Amendment would be futile.

3. The Clerk of Court is directed to enter judgment.[7]

4. The Court certifies that any appeal of this decision would not be taken in good faith.

5. Filing of this action counts as one strike against Cassel under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 4th day of March, 2022.

Sam E. Haddon
United States District Court Judge

---

[5] *King v. Atiyeh*, 814 F. 2d 565, 568 (9th Cir. 1987).
[6] Doc. 1.
[7] F. R. Civ. P. Rule 58.